UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------  x
                                                                    :
IN RE SEPTEMBER 11TH LITIGATION              :          21 MC 97 (AKH)
                                                                    :
                                                                    :
------------------------------------------------------------------  x
ALVIN K. HELLERSTEIN, U.S.D.J.:

**Opinion Supporting Order to Sever Issues of Damages and Liability in Selected Cases, and to Schedule Trial of Issues of Damages**

   In a few months, six years will have passed since the terrorist attacks of September 11, 2001.  Forty-one cases on behalf of forty-two victims remain pending in this Court in the 21 MC 97 track, and there are other many other cases in other consolidated tracks arising out of the events of September 11.  Yet the resolution of these forty-one cases is not close at hand.  The complexity of these cases and the additional procedures required by the sensitive nature of the discovery sought have slowed and complicated this litigation considerably.  I share the concerns of the families who, through their lawyers and in person, have expressed their frustration with the pace of the litigation.  To address those frustrations, to the extent possible, I scheduled trials of damages, to precede trials of liability in selected cases.  This opinion explains my decision to sever issues of damages and liability and to schedule damages trials in those selected cases as soon as practicable.

   Time heals, but time also works against us.  Elderly parents who brought actions on behalf of their deceased children will not live forever.  Grieving widows and friends waiting for these proceedings to bring them closure may wait too long.  And the public, in measures both large and small, share the families' concerns. Many would like to see Plaintiffs' assertions tested in a trial and either found or rejected in a jury verdict.  For such persons, long delays are a frustration and denial of the justice sought.  Thus I scheduled damages trials.

**I.      The September 11th Victim Compensation Fund of 2001**

In the months following 9/11, Congress enacted legislation "to provide compensation to any individual (or relatives of a deceased individual) who was physically injured or killed as a result of the terrorist-related aircraft crashes of September 11, 2001."  Air Transportation Safety and System Stabilization Act of 2001 ("Stabilization Act"), § 403, Pub. L. 107-42, 115 Stat. 230.  The Stabilization Act established a Victim Compensation Fund with an expeditious, non-judicial proceeding to enable claimants to liquidate their claims promptly, and without assuming the risks and delays inherent in court proceedings.  The Fund disbursed $5.99 billion to 2,880 families of deceased victims of the September 11 attacks, KENNETH R. FEINBERG ET AL., FINAL REPORT OF THE SPECIAL MASTER FOR THE SEPTEMBER 11TH VICTIM COMPENSATION FUND OF 2001 at 52, United States Department of Justice, available at http://www.usdoj.gov/final_report.pdf, and over $1 billion to 2,680 injured victims, id. at 56. The administration of the Fund was successful, and "97% of the families of the deceased victims who might have otherwise pursued lawsuits for years have received compensation through the Fund."  Id. at 1.

Those who applied to the Victim Compensation Fund gave up their right to bring claims in this Court.  See Stabilization Act § 405(c)(3)(B)(i); Virgilio v. City of New York, 407 F.3d 105 (2d Cir. 2005).  But the Stabilization Act gave people a choice, and for reasons good and sufficient to them, some people elected to resort to the traditional method in our legal system, a lawsuit.  Ninety-five such persons filed and maintained suits in this Court, as the exclusive judicial forum for their claims under the Stabilization Act.  By random assignment and the rules of the Southern District of New York, I preside over all of them.

**II.      Status of the Lawsuits Pending in this Court**

As of this writing, forty-one plaintiffs, representing forty-two victims, have filed the following claims:

Fourteen plaintiffs (for fifteen injured) have claims arising out of the crash of American Airlines Flight 77 on behalf of seven passengers, four ground victims who died, and four ground victims who suffered personal injuries.  Ten plaintiffs have claims arising out of the crash of United Airlines Flight 175 on behalf of eight passengers, one crew member, and one ground victim who suffered personal injuries.  Eight plaintiffs have claims arising out the crash of United Airlines Flight 93 on behalf of eight passengers on board that flight.  Five plaintiffs have claims arising out the crash of American Airlines Flight 11 on behalf of two passengers, one crew member, one ground victim who died, and one ground victim who suffered personal injuries.  Four plaintiffs have claims for personal injuries sustained at the World Trade Center site on September 11, 2001 that are not directly attributed to the crash of any one flight.

**III.      The Prospects for the Remaining Suits**

At a point when ongoing settlement discussions seemed to reach an impasse, I invited several of the parties to conduct settlement negotiations in my courtroom.  Counsel had suggested such a meeting with the thought that their clients could better understand the risks and delays inherent in a trial, and enter into a reasonable compromise.  With permission from the parties and counsel, I met with a selected few of the surviving relatives of those who had been killed on September 11, 2001.  Although many of them expressed a desire to obtain answers, truth, justice, closure, and vindication of their claims, others expressed a willingness to settle.

Settlement is personal, and I respect each plaintiff's decision to settle, or not.  As the various plaintiffs make their respective decisions, the prospects for settlement are likely to dim, as positions harden and disparity of perception becomes entrenched.  But while I recognize

that some families wish to honor important values through the trial process, and will not settle on

any terms, I believe that others have been unable to settle because of disparity in perceived

values between plaintiffs and defendants.  This latter group, in particular, will benefit from

damages trials that will suggest a range of values that a jury is likely to award in similar cases,

enabling the parties to bridge their differences of valuation.

**IV.     Issues of Damages are Discrete**

Rule 42(b) permits separate trials "when separate trials will be conducive to

expedition and economy."  Fed. R. Civ. P. 42(b); see also Fed. R. Civ. P. 1 ("[The Federal Rules]

shall be construed and administered to secure the just, speedy, and inexpensive determination of

every action.").  The decision to hold separate trials on liability and damages "is ordinarily

firmly within the discretion of the trial court under Fed. R. Civ. P. 42(b)."  In re Master Key

Antitrust Litigation, 528 F.2d 5, 14 (2d Cir. 1975).  The ultimate question is whether the issue

contemplated for separate trial, i.e. liability and damages, is sufficiently "distinct and separable

from the others that a trial of it alone may be had without injustice."  Gasoline Prods. Co. v.

Champlin Ref. Co., 283 U.S. 494, 500 (1931).

I find that issues of damages are distinct and separable from issues of liability,

and thus a separate trial of each may be had without prejudice to either side.  The allegedly

negligent acts committed by the airlines and their security contractors have no relation to the

amount of compensatory damages that Plaintiffs would recover.  Because Plaintiffs sue for

wrongful death, and their deaths were sudden and final, caused, they allege, by discrete acts over

a limited period of time, the jury does not need to consider the extent to which Defendants'

allegedly negligent acts caused decedents' deaths.  If liable, Defendants caused all of the victims'

wrongful deaths or personal injuries, if not liable, Defendants caused no part of the victims'

deaths or injuries.  Defendants do not have counterclaims against Plaintiffs, or contributory

negligence defenses, or any other defense that would require a jury to consider the role of any plaintiff individually. Therefore each plaintiff's compensatory damages may be tried and determined without reference to Defendants' acts.

Trials of the issues of damages will be economical. Limited discovery is needed, and most plaintiffs have already obtained experts' reports on economic and other issues of damages, and many of these materials have been shown to Defendants in the course of settlement discussions. Unlike the question of liability, the question of compensatory damages should require few depositions and comparatively little document production. As the schedule I ordered reflects, I believe that the parties can prepare these issues for trial quickly, while continuing their discovery relating to issues of liability.

## V.      Selected Cases

The Court, with advice and counsel of the parties, has identified six cases for early trial of issues of damages, beginning September 4, 2007. Plaintiffs in all six cases, although perhaps preferring to have all issues tried, were selected on the basis of liaison counsel's recommendations as to their willingness to have their issues of damages tried early and separately. The cases were also selected for their representative quality, such that the jury's verdict may have applicability for others. By separate order of July 2, 2007, I have ordered six such cases to be made ready for trials of damages. I believe that this procedure will hasten the resolution of these and many other cases and thus be a significant step in mending the wounds left open by the terrorist-related aircraft crashes of September 11, 2001.

Date:          July 5, 2007
               New York, New York

                                              _____
                                              ALVIN K. HELLERSTEIN
                                              United States District Court

5