UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
:
IN RE SEPTEMBER 11 LITIGATION        :        21 MC 97 (AKH)
:
:        This document relates to:
:
:        *Driscoll v. Argenbright Security*, et al.
:        02 Civ. 7912 (AKH)
:
-------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

## ORDER REGARDING UNITED AIRLINES FLIGHT 93
## COCKPIT VOICE RECORDER

Plaintiffs suing on behalf of those who died on board United Airlines Flight 93 move for production of the cockpit voice recorder ("CVR") on board that flight and, in limine, move to introduce it as evidence at trial. For the reasons stated below, the motion is GRANTED in part and DENIED in part.

## Background

On July 2, 2007, I ordered the parties to prepare six cases for separate and early trials of damages, with a trial of liability to come later. The lawyers claimed that there still was much to discover regarding liability, but agreed that trials of damages could be advanced. See Order Scheduling Damages Trial and Pretrial Proceedings, No. 21 MC 97 (AKH) (July 2, 2007); see also Order Regarding Damages Trial and Pretrial Proceedings, No. 21 MC 97 (AKH) (Aug. 3, 2007). I decided to try damages before liability in order to give plaintiffs, after long pretrial proceedings, access to the trial forum they seek and, for those plaintiffs who may wish to settle but have been unable to do so because of disparity in perceived settlement values between plaintiffs and defendants, because jury verdicts could suggest a range of values that plaintiffs and

1

defendants might accept, as basis for renewed settlement discussions.  See In re September 11 Litig., No. 21 MC 97, 2007 U.S. Dist. LEXIS 48864 (S.D.N.Y. Jul. 5, 2007).

The first such trial of damages, Driscoll v. Argenbright Security, No. 02 Civ. 7912 (AKH), is scheduled to begin on September 24, 2007.  Mr. Driscoll died when terrorist hijackers took control of United Airlines Flight 93 and, during a scuffle with passengers trying to retake control of the cockpit, crashed it into the ground near Shanksville, Pennsylvania.  Mr. Driscoll's widow and legal representative, plaintiff Adelaide Maureen Driscoll, alleges that Defendants' negligence permitted the terrorists to enter and gain control of the aircraft, causing the deaths of all on board.  She seeks compensatory and punitive damages.

At a trial of damages, the jury considers the extent of the injury to the plaintiff, or in this case, plaintiff's decedent, and determines the amount of just compensation payable for a decedent's wrongful death.  The jury does not consider any issue of liability; it is assumed for purposes of the trial.  The jury does not consider the issue of punitive damages.  The purpose of punitive damages is to punish and deter a defendant's conduct, see In re September 11th Litig., 494 F. Supp. 2d 232, 241 (S.D.N.Y. July 3, 2007), which conduct may be the subject of the liability trial.[1]

The Driscolls were residents of the State of New Jersey, see Complaint, 02 Civ. 7912 ¶¶ 2, 3, and thus New Jersey law applies to the issues of compensatory damages in this case.  See id. at 243 ("The law governing the compensatory damages to which each plaintiff is entitled, should he prove his case, shall be the law of the plaintiff's state of domicile.").  Under the New Jersey Survivor Act, N.J. Stat. Ann. § 2A:15-3, the decedent's estate may recover damages for "any personal cause of action that decedent would have had if he or she had

---

[1] On July 3, 2007, I held that plaintiffs suing on behalf of victims on board United Airlines Flight 93 could not obtain punitive damages, except as against defendant Argenbright Security.  See In re September 11th Litig., 494 F. Supp. 2d at 241–42.

2

survived." Vassiliu v. Daimler Chrysler Corp., 178 N.J. 286, 294 (N.J. 2004). One "major item of damages in a survival action … is recovery for the decedent's pain and suffering …." Alexander v. Whitman, 114 F.3d 1392, 1399 (3d Cir. 1997). In support of their claims for compensatory damages, Plaintiffs argue that "the CVR recording contains probative evidence of substantial pre-death pain, suffering, terror, and emotional distress of the apprehension of certain death experienced by the passengers," both as to the time period of suffering and the intensity of such suffering. Plaintiffs' Second Motion to Produce the Flight 93 Cockpit Voice Recording at 8. I must determine whether and to what extent plaintiff Driscoll is entitled to discover, and introduce to the jury, the CVR recording in order to prove her claims for compensatory damages.

## Discussion

**I.     Discovery of CVR Recording**

Discovery of cockpit voice recorder transcripts and recordings is governed by 49 U.S.C. § 1154. Buschmann v. Little Rock Nat'l Airport, 222 F.R.D. 114, 116 (N.D. Tex. 2004); McCoy v. Southwest Airlines Co., 208 F.R.D. 617, 618 (C.D. Cal. 2002). A court may allow discovery by a party of a cockpit or surface vehicle recorder recording if, after an in camera review of the recording, the court decides that—

(A) the parts of the transcript made available to the public … and to the party through discovery … do not provide the party with sufficient information for the party to receive a fair trial; and

(B) discovery of the cockpit or surface vehicle recorder recording is necessary to provide the party with sufficient information for the party to receive a fair trial.

49 U.S.C. § 1154(a)(3). An order pursuant to Section 1154 that a party may discover a CVR recording is not, of course, a decision that the CVR recording is admissible at trial. Compare Fed. R. Civ. P. 26(b)(1) with Fed. R. Evid. 401–03; see also McCoy, 208 F.R.D. at 619 n.3.

For the purposes of considering Plaintiffs' motion to produce the Flight 93 CVR recording, I requested that the Government make the CVR recording from United Airlines Flight 93 available for in camera review, in the presence of a small delegation of the trial team of both the plaintiffs and the aviation defendants. On September 5, 2007 and September 7, 2007, in the presence of counsel for the Government, Plaintiffs, and Defendants, and subject to a confidentiality order, I reviewed the several recordings and exhibits the Government has created using the original cockpit voice recorder and flight data recorder equipment on board Flight 93.

The Government presented three exhibits in camera: 1) a true copy of the original CVR recording; 2) an enhanced copy of the original CVR recording, modified to reduce background noise; and 3) a computer generated and animated depiction of the aircraft in flight, accompanied by the enhanced CVR recording and streaming text transcriptions of the CVR recording, with translations from Arabic where appropriate.[2]

All counsel had an opportunity to express their views as to whether and to what extent Plaintiffs should be able to introduce the recordings and other exhibits at trial. I give these rulings in limine to guide the parties' presentations of evidence and argument.

## II.   In Limine Rulings on Admissibility of CVR Recording

Relevant evidence—evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence—is admissible, except as otherwise provided by the

---

[2] A version of the computer generated exhibit was filed publicly in a criminal trial before United States District Judge Leonie Brinkema, United States v. Moussaoui, No. 01 Cr. 455 (LMB), but without audio or display of text. The recording the jury heard in Moussaoui was filed under seal.

4

Constitution, laws of the United States, or the Rules of Evidence. Fed. R. Evid. 401, 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. In the context of the imminent damages-only trial, evidence is relevant if it has a tendency to make the facts of the decedent's alleged pain and suffering more or less probable than without such evidence.

The CVR recording reflects that which was said and heard within the cockpit. To that extent, it is not relevant because there is no proof that the CVR reflects that which was heard in the passenger cabins. There are two exceptions:

1. Possibly at the inception of the recording and, more clearly, approximately seven minutes into the recording, a voice or voices apparently belonging to one or two of the hijackers, purports to make an announcement to the passengers that the hijackers have a bomb on board.
2. In the last approximately four minutes of the recording, sounds without the cockpit of passengers trying to force entry into the cockpit and to retake the airplane.

Subject to proof that the recording is authentic and, as to the first item (the voices), that the one or two announcements could be heard where Mr. Driscoll sat in the passenger cabin, these two aspects of the recording are likely to be admissible, as relevant to the passengers' awareness of what was likely to occur to the airplane and to them.

The computer generated graphic of the last approximately 30 minutes of the flight, showing what was happening to the aircraft in terms of its attitude, altitude, and speed, is also admissible, subject to correction, for the same reason. Thus the computer generated and

animated depiction of the aircraft in flight shall be admissible, but without audio and streaming text, except the audio portions of the recordings deemed admissible in paragraphs one and two above.

The remaining portions of the recordings shall not be admitted. Such portions are either not relevant, because Mr. Driscoll could not hear or otherwise perceive that which was recorded or depicted, or invade unnecessarily the privacy of other passengers and crew members and their families.

## Conclusion

Plaintiffs' motions are GRANTED in part, and DENIED in part, in the respects mentioned above, subject to final rulings upon a showing that the proper foundation can be established to admit the CVR recording and computer generated animation exhibit.

SO ORDERED.

Date:    September 12, 2007
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge