UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                                :
IN RE SEPTEMBER 11 LITIGATION          :      21 MC 97 (AKH)
                                                                :
                                                                 :      This document applies to:
                                                                 :
                                                                 :      *Wilson v. American Airlines*,
                                                                  :      No. 03 Civ. 6968 (AKH)
------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

### ORDER FOR HEARING TO CONSIDER SETTLEMENT

Pursuant to my Order dated September 19, 2007, the parties have recommended procedures for the court to follow in relation to the agreement of settlement between the Aviation Defendants and plaintiff Ann Wilson.

The parties advise me that the plaintiff, Ann Wilson and the Aviation defendants, American Airlines, Inc., AMR Corporation, Globe Aviation Services Corporation, United Air Lines, Inc., UAL Corporation and Huntleigh USA Corporation (collectively, "the Aviation Defendants") have agreed to a settlement. Plaintiff's decedent, Sigrid C. Wiswe, was trapped within One World Trade Center, the northerly tower, when the terrorists of September 11, 2001 crashed American Airlines Flight 11 into the North Tower. The settlement does not include plaintiff's claims against various defendants who were involved in the design, construction, maintenance and repair of the tower for the Port Authority (collectively, "the Design/Construction Defendants.") These Design and Construction Defendants object to the settlement, requiring me to conduct a hearing and issue rulings. Accordingly:

       1.       The hearing will be held October 19, 2007, at 2:00 p.m.

       2.       According to the pleadings, plaintiff's decedent died in the aftermath of the terrorist-related aircraft crashes into the World Trade Center on September 11, 2001. Plaintiff's decedent worked in One World Trade Center, the north tower on the 94th floor.

(Compl. ¶ 107)  She was not able to evacuate the building.  She was a resident of the State of New York.  (Compl. ¶ 7)  The flight that was hijacked was American Airlines Flight number 11.  American Airlines is incorporated in Delaware, and has its principal place of business in Texas.  (Compl. ¶ 12).  The flight departed that morning from Logan Airport, Boston, Massachusetts, and was intended to land in San Francisco, California.  The parties have not shown any law other than the law of New York as providing the rules for decision.  I rule that the Wilson settlement shall be governed by the law of New York.  See In re September 11 Litigation, 494 F. Supp. 2d 232, 243 (S.D.N.Y. 2007).

       3.      New York General Obligations Law, § 15-108, governs settlements of multi-defendant cases, where, as here, the settlement is with fewer than all defendants.  The Aviation Defendants are those that propose to settle with plaintiff.  The non-settling defendants were not included, and object, claiming that all previous settlements (approximately 45 cases) covered all defendants, and suggesting that they wish to allege claims, counterclaims and third-party claims.  The ability of the non-settling defendants to allege such claims may be compromised by the settlement: § 15-108 releases the settling defendants from any claimed contribution from the non-settling defendants should the settlement be approved.

       4.      This Court has a duty is to review the terms of the settlement and to consider if the settlement is fair and reasonable.[1]  If, after review and after hearing the parties, the court finds that the settlement is fair and reasonable, the court may approve the settlement and enter judgment resolving the claims of the plaintiff against the settling defendants, and severing the remaining claims of plaintiff against the non-settling defendants for continuing proceedings.  See GOL § 15-108(a).

---

[1] Sabater v. Lead Indus. Ass'n, No. 00 Civ. 8026 (LMM), 2001 WL 1111505, at *3 (S.D.N.Y. Sept. 21, 2001); FDIC v. Abel, No. 92 Civ. 9175, 1995 WL 716729, at *12 (S.D.N.Y. Dec. 6, 1995).

    5. A settlement is fair and reasonable, generally, if the consideration agreed to be paid is reasonable in relation to the merits of the claim and the risks, delays and expense of continuing litigation.  See In re Carbon Prods. Antitrust Litig., 447 F. Supp. 2d 389, 398-99 (D.N.J. 2006); In re Union Carbide Corp. Consumer Prods. Bus. Sec. Litig., 718 F. Supp. 1099, 1109 (S.D.N.Y. 1989).  There also are additional considerations.  Since, under the ATSSA, 49 U.S.C. § 40101, Section 408(c), the liabilities of the aviation defendants cannot be more than their insurance, the consideration to be paid by the settling defendants will diminish the insured amounts available to non-settling plaintiffs, for wrongful death, personal injury and property damage.  Accordingly, the fairness and reasonableness of the settlement must be measured against any excess or deficiency of credit against the balance of insured funds.

    6. The non-settling defendants speak also of cross-claims, counterclaims and third-party claims for contribution and indemnity.  The availability of such pleadings requires consideration whether the non-settling defendants have such claims to assert.[2]  If, as appears, the non-settling defendants are entitled only to mitigation of claims against them by the value of the plaintiff's claims against the settling defendants,[3] the fairness of the settlement between the aviation defendants and the Wilson plaintiffs must be measured against the value given up (if any) by the settlement or, stated differently, any lost values arising from the discharge of cross-claims and third party claims otherwise available to non-settling defendants.

    7. If the settlement between the Aviation defendants and the Wilson plaintiffs is fair and reasonable, the Wilsons' case against non-settling defendants will continue.  The non-settling defendants argue that this is unfair, and that it violates the goals and spirit of

---

[2] See, e.g., Scala v. Am. Laundry Mach. Co., 233 N.Y.S. 2d 875, 876 (N.Y. Sup. 1962) ("[A]n actively negligent tort feasor is not entitled to indemnity.").  See also NY GOL § 15-108(c), which provides, generally, that a judgment entered upon a settlement discharges the claims of non-settling defendants against settling defendants for contribution.
[3] NY GOL § 15-108(a).

previous settlements.  The non-settling defendants argue also that the Wilson case, which is one of the six that I ordered made ready for damages-only trials, should no longer be so preferred, for much of the basis for advancing that case will no longer be relevant.  The non-settling defendants argue that since the 82-year-old successor will be receiving substantial money from the settlement, the reasons to advance her case and assume the many problems inhering in damages-only trials are much less compelling.  Furthermore, the non-settling defendants argue, the focus of the trial will no longer be solely the plaintiff's damages, but much more, the relative merits among the settling and non-settling defendants, and these issues are not ripe for trial at this time.  All these arguments can be made at the hearing on October 19, 2007.  Since the desire of the non-settling defendants to file cross claims and third party complaints will be ruled on at the time, they are stayed from doing so until the hearing.

8. All parties wishing to submit papers may do so by noon, October 16, 2007.  Oppositions and rebuttals can be made orally at the hearing.  The papers of the Aviation Defendants shall describe the aggregate amounts of settlements thus far approved and to be proposed, and identify the claimants who have settled and have agreed to settle (but not the amounts of their settlements), and identify also the wrongful death and personal injury plaintiffs, by flight number, whose cases remain to be tried.  If the property damage claims that are pending also can be described, the Aviation Defendants shall describe those as well, divided between subrogated insurance claims, and non-subrogated insurance claims.

9. Heretofore, the amounts of individual settlements have been kept confidential, except to the parties directly involved and the court.  Notice to other defendants has been given with respect to packages of settlements, in order that the confidentiality of individual settlements is not compromised.  That procedure cannot be followed in this case, because of the need for a hearing and the public interest in all issues arising from the terrorist-related aircraft

4

crashes of September 11, 2001. Any party aggrieved by this ruling may object at the outset of the hearing. Until such time, the plaintiff and the Aviation Defendants are to disclose the amount of the settlement to the non-settling defendants by a separate paper, and are to submit that paper to the Court without filing same. I will rule at the hearing if that paper is to be filed publicly, or under seal.

SO ORDERED.

Date: October 9, 2007
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge