# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :      21 MC 97 (AKH)
IN RE SEPTEMBER 11 LITIGATION       :      This Document Relates to:
                                    :      All Actions
                                    :
                                    :
------------------------------------x

## CONFIDENTIALITY PROTECTIVE ORDER

In accordance with Federal Rule of Civil Procedure 26(c), the court hereby enters this Confidentiality Protective Order governing the disclosure, handling and disposition of "Confidential Information" in this litigation as follows:

1. **Application.**

    **1.1.** This Order shall govern any document, information or other material that is designated as containing "Confidential Information" as defined herein, and is produced in connection with this litigation by any person or entity (the "producing party"), whether in response to a discovery request, subpoena or otherwise, to any other person or entity (the "receiving party") regardless of whether the person or entity producing or receiving the "Confidential Information" is a party to this litigation. Provided, however, that disclosure, handling and disposition of "Confidential Information" produced by The Port Authority of New York and New Jersey and World Trade Center Properties LLC to any party shall be governed by the Confidentiality Agreement and Protective Order, dated January 9, 2004, as modified by the Court.

2. **Definitions.**

    **2.1. Confidential Information.** "Confidential Information" shall mean and include, without limitation, any information that concerns or relates to confidential and proprietary information, trade secrets, other confidential technical information, research or

marketing information, financial records and analyses, agreements and business relationships, non-public commercial, financial, pricing, budgeting and/or accounting information, non-public information about existing and potential customers, marketing studies, performance and projections, non-public business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential proprietary information about affiliates, parents, subsidiaries and third-parties with whom the parties to this action have or have had business relationships.

**2.2. Documents.** As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs, electronic messages, other data compilations from which information can be obtained and other tangible things subject to production under the Federal Rules of Civil Procedure or Civil Rule 26.3(c)(2) of this Court.

**3. Designation.**

**3.1. Good Faith Claims.** Claims of confidentiality will be made only with respect to documents, information or other materials that the asserting party in good faith believes are within the definition set forth in subparagraph 2.1 of this Confidentiality Protective Order. Objections to such claims made pursuant to paragraph 5 shall also be made in good faith.

**3.2. Produced Documents.** Copies of documents that the producing party believes constitute or contain Confidential Information shall be produced bearing a label or stamp that contains language substantially similar to the following:

**SUBJECT TO CONFIDENTIALITY PROTECTIVE ORDER<br>
IN RE SEPTEMBER 11 LITIGATION<br>
21 MC 97(AKH) (S.D.N.Y.)<br>
DO NOT COPY OR DISCLOSE**

**3.3. Interrogatory Answers.** If a party answering an interrogatory believes that its answer contains Confidential Information, it shall set forth that answer in a separate document that is produced and designated as Confidential Information, in the same manner as a produced document under subparagraph 3.2. The answers to interrogatories should make reference to the separately produced document containing the answer, but that document should not be attached to the interrogatories. No additional time will be given to submit interrogatory answers that contain Confidential Information by reason of this separate submission.

**3.4. Inspections of Documents.** In the event a producing party elects to make its documents available for inspection and the requesting party elects to inspect them, no designation of Confidential Information needs to be made at or in advance of the inspection. For purposes of such inspection, all material produced shall be considered Confidential Information. If the inspecting party selects specified documents to be copied, the producing party shall designate Confidential Information, as applicable, in accordance with subparagraph 3.2 at the time the copies are produced. If the inspecting party selects documents to be copied that are stored on electronic, magnetic, optical or other non-paper media, such as compact discs, DVD's, video tapes and audio tapes (collectively, "data storage devices"), the producing party shall designate the data storage device as containing Confidential Information, by affixing a label or stamp to the data storage device in the manner described in subparagraph 3.2 at the time copies of such data storage devices are produced. If the inspecting party or other persons or entities to whom disclosure is authorized pursuant to subparagraph 7.1 make a copy of any data storage device designated by the producing party as containing Confidential Information, the inspecting party or other authorized person shall mark each such copy as containing Confidential Information in the same form as the Confidentiality notice on the original data storage device

3

produced. If the inspecting party or other authorized person prints out or otherwise makes copies of the documents or information stored on such data storage device, the inspecting party or other authorized person shall mark each page so copied with the label or stamp specified in subparagraph 3.2. Any document on a data storage device not designated as Confidential Information shall not be considered to be Confidential Information.

      **3.5** **Deposition Transcripts.** Within twenty-one (21) days after the receipt of a deposition transcript, a deponent, deponent's counsel or a party may inform the other parties to the action of the portions of the transcript and/or exhibits that they wish to designate as Confidential Information. Until such time has elapsed, deposition transcripts in their entirety and all exhibits shall be considered as containing Confidential Information consistent with the provisions of this Order. All parties and deponents in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information as specified in subparagraph 3.6.

      **3.6.** **Multipage Documents.** For an integrated multipage document, including a deposition transcript and interrogatory answers, each and every page that contains Confidential Information shall be labeled as specified in subparagraph 3.2.

**4.**     **Designations by Another Party.**

      **4.1.** **Notification of Designation.** If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information of the non-producing party, the non-producing party may designate the document as Confidential Information by so notifying all parties in writing within sixty (60) days of service of the document.

      **4.2.** **Return of Documents; Nondisclosure.** Whenever a party other than the

producing party designates a document produced by a producing party as Confidential Information in accordance with subparagraph 4.1, each party receiving the document shall substitute a copy of the document bearing the Confidential Information designation in accordance with subparagraph 3.2 for each copy of the document produced by the producing party. Each party shall destroy all copies of the undesignated document or return those copies to the producing party, at the direction of the producing party. No party shall disclose a produced document to any person, other than the persons authorized to receive Confidential Information under subparagraph 7.1, until after the expiration of the sixty (60) day designation period specified in subparagraph 4.1. If during the sixty (60) day designation period a party discloses a produced document to a person authorized to receive Confidential Information under subparagraph 7.1, and that document is subsequently designated as Confidential Information in accordance with subparagraph 4.1, the disclosing party shall cause all copies of the document to be destroyed or returned to the producing party, at the direction of the producing party. The party may thereafter disclose a copy of the document that has been marked as Confidential Information by the designating party, in accordance with subparagraph 7.1.

5. **Objections to Designations.**

   5.1. **Generally.** Any party objecting to a designation of Confidential Information, including objections to portions of designations of multipage documents, shall notify in writing, within one hundred twenty (120) days of service of the document designated as Confidential Information, the designating party and all other parties of the objection, specifically identifying each document that the objecting party in good faith believes should not be designated as Confidential Information, and providing a brief statement of the grounds for such belief. In accordance with the Federal Rules governing discovery disputes, the objecting and the designating parties thereafter shall confer within seven (7) days after the date of such objection

in an attempt to resolve their differences. If the parties are unable to resolve their differences, the designating party shall have fourteen (14) days after the conference concludes to file with the court a motion to maintain the Confidential Information designation. Where a party authored, created, owns, or controls a document, information or other material that another party designates as Confidential Information, the party that authored, created, owns, or controls the Confidential Information may so inform the objecting party and thereafter shall also be considered a designating party for purposes of this subparagraph and subparagraph 5.2.

All documents, information and other materials initially designated as Confidential Information shall be treated as Confidential Information in accordance with this Order unless and until the Court rules otherwise, except for deposition transcripts and exhibits initially considered as containing Confidential Information under subparagraph 3.5, which will lose their confidential status after twenty-one (21) days unless so designated as Confidential Information.

If a designating party elects not to make such a motion with respect to documents, information or other materials to which an objection has been made, the designation shall be deemed withdrawn. If such a motion is made, the moving party shall bear the burden of proving that the document, information or other material is Confidential Information pursuant to subparagraph 2.1 of this Confidentiality Protective Order.

**5.2.    Near Trial.** In the case of designations served within forty-two (42) days of trial, the receiving party shall have half of the remaining time before trial in which to object to the designation. If an objection is served within twenty-eight (28) days of trial, the designating party must file its motion for protective order within half of the remaining time before trial.

6. **Custody.** All Confidential Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1.

7. **Handling Prior to Trial.**

   7.1. **Authorized Disclosure.** Confidential Information may be disclosed by the receiving party only to the following persons, and only after counsel of record for that receiving party has obtained a written acknowledgment from the person receiving Confidential Information, in the form attached hereto, that he or she has received a copy of this Order and has agreed to be bound by it:

   a. Counsel for the parties in this litigation (hereinafter "In re September 11 Litigation"), including their associates, clerks, paralegals, and secretarial personnel;

   b. Qualified persons taking testimony involving Confidential Information and necessary stenographic, videotape and clerical personnel;

   c. Experts and their staff who are consulted by counsel for a party in the In re September 11 Litigation;

   d. Parties to the In re September 11 Litigation, limited to the named party and if that party is a corporate entity a limited number of designated representatives of the corporate entity and its insurers;

   e. Designated in-house counsel and a limited number of assistants, administrative or otherwise; and

   f. Outside vendors employed by Counsel for copying, scanning and general handling of documents.

A receiving party may also disclose Confidential Information to the court supervising the In re September 11 Litigation, including judicial staff, in accordance with subparagraph 7.3 of this Order.

A receiving party who discloses Confidential Information in accordance with this subparagraph 7.1 shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving party has disclosed Confidential Information, and shall furnish the written acknowledgements and disclosure list to the Court upon its request or order.

Disclosure and use of Confidential Information is authorized only to the extent necessary to investigate, evaluate, prosecute, defend or adjudicate the In re September 11 Litigation. Before disclosing Confidential Information to any authorized person who is a competitor or potential competitor of the designating party, the disclosing party shall give at least fourteen (14) days notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the fourteen (14) day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise.

**7.2. Unauthorized Disclosures.** If Confidential Information is disclosed other than as authorized by this Order, the party or person responsible for the unauthorized disclosure, and any other party or person who is subject to this Order and learns of the unauthorized disclosure, shall immediately bring such disclosure to the attention of the producing party. Without prejudice to other rights and remedies of the producing party, the responsible party or person shall make every effort to obtain the return of the Confidential Information (including, without limitation, from the person to whom the unauthorized disclosure was made and from any other person to whom Confidential Information was directed as a direct or indirect result of the unauthorized disclosure) and to prevent further disclosure on its own part or on the part of any person to whom the unauthorized disclosure was made.

**7.3.   Court Filings.** In the event any Confidential Information must be filed with the Court prior to the trial, and relevance can be shown with the Confidential Information redacted from the document, that should be done. If Confidential Information is relevant, the Court will then regulate the treatment as appropriate.

**8.   Handling After Disposition.** After the conclusion of the In re September 11 Litigation, whether by way of settlement or judgment, the producing party may request that any or all Confidential Information be returned to the producing party. The request shall specifically identify the documents or things to be returned if return of less than all Confidential Information is requested. The attorney for each receiving party shall collect, assemble and return within sixty (60) all such requested Confidential Information, including all copies, extracts and summaries thereof, including memoranda and notes relating thereto, in the possession of the receiving party, its counsel or other authorized recipients to whom that party provided Confidential Information, but not including copies, extracts, summaries or memoranda that contain or constitute attorney work product. If requested by the designating party within ninety (90) days of the conclusion of the lawsuit, all documents (i.e. copies, extracts, summaries and memoranda) which contain attorney work product and which also contain or reference Confidential Information shall be redacted to remove all Confidential Information and the attorney for each receiving party shall certify in writing that all such documents have been so redacted within ninety (90) days after receipt of the request. Receipt of returned Confidential Information shall be acknowledged in writing if such an acknowledgment is requested. This Confidentiality Protective Order shall survive the final conclusion of the action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this action. All documents submitted to the Court must be preserved.

9. **No Implied Waivers.** The entry of this Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Parties producing Confidential Information in this litigation are doing so only pursuant to the terms of this Order. Neither the agreement to, or the taking of any action in accordance with, the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

10. **Modification.** In the event any party hereto seeks a Court Order to modify the terms of this Order, said party shall make such request pursuant to Judge Hellerstein's individual Rule 2(E), by written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

11. **Care in Storage.** Any person in possession of Confidential Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential Information to ensure that the confidential and sensitive nature of same is maintained.

12. **No Admission.** Neither this Order nor the designation of any item as "Confidential Information" shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

13. **Inadvertent Production.** Nothing in this Order in any way alters the applicable law concerning inadvertent production of a document that the producing party believes contains attorney-client communications, attorney work product or otherwise privileged information.

14. **Parties' Own Documents.** This Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

15. **No Effect on Other Rights.** This Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

16. **Sensitive Security Information.** This Order shall not affect the handling and disclosure requirements concerning documents that constitute or contain Sensitive Security Information. "Sensitive Security Information" shall mean all information that is so designated by the provisions of 49 C.F.R. Part 1520 and the United States Government which is not subject to disclosure without the authorization of the Secretary of Transportation for Security and/or the Transportation Security Administration ("TSA"). At an appropriate future time, a separate protective order may be entered concerning the handling, disclosure and review of Sensitive Security Information.

Dated: New York, New York
       March 30, 2004

SO ORDERED:

Honorable Alvin K. Hellerstein
United States District Judge

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :    21 MC 97 (AKH)
IN RE SEPTEMBER 11 LITIGATION       :    This Document Relates to:
                                    :    All Actions
                                    :
                                    :
------------------------------------x

**DECLARATION OF** _____

I, _____, declare that:

1. My home address is _____

_____

_____

2. My present employer is _____

and the address of my present employment is _____

_____

_____

3. I have received a copy of the Confidentiality Protective Order in this case signed by United States District Court Judge Alvin K. Hellerstein on _____, 2004.

4. I have carefully read and understand the provisions of the Confidentiality Protective Order.

5. I will comply with all of the provisions of the Confidentiality Protective Order.

6. I will hold in confidence and not disclose to anyone, other than the persons entitled to receive such information under paragraph 7.1 of the Confidentiality Protective Order entered in this litigation, all documents, information, and other materials designated as

Confidential Information (including summaries, notes, abstracts, indices or copies of such Confidential Information) that is disclosed to me.

7. I will return all Confidential Information and summaries, notes, abstracts, indices or copies of such Confidential Information, which come into my possession, and documents or things which I have prepared relating thereto, to the attorneys for the party by whom I am employed or retained, or to the attorney from whom I received the Confidential Information.

8. I understand that if I violate the provisions of this Confidentiality Protective Order, I will be subject to sanctions by the Court to whose jurisdiction I agree to be subject, and I also understand that the parties, or any one of them, may assert other remedies against me.

I declare under penalty of perjury that the foregoing is true and correct.

Dated _____, 2004

_____
Printed Name