UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SEPTEMBER 11, 2001 LITIGATION | NO. 21 MC 97 (AKH) and<br>NO. 21 MC 101 (AKH) |
| IN RE SEPTEMBER 11 PROPERTY DAMAGE<br>AND BUSINESS LOSS LITIGATION | This Document Relates to:<br>ALL CASES |

**DECLARATION OF M. MARTHA RIES
IN SUPPORT OF DEFENDANT THE BOEING COMPANY'S
OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE
CONFIDENTIALITY DESIGNATIONS**

I, M. MARTHA RIES, declare and state as follows:

1. I am employed as Vice President Intellectual Property Management for The Boeing Company ("Boeing") and have served in that position for three months. I have been an employee of Boeing since 1997. From my ten years at Boeing, I am familiar with the types of Boeing internal documents and the Boeing information discussed herein, am familiar with Boeing's policies and procedures regarding safeguarding the confidentiality of Boeing business information and records, and am familiar with Boeing's policies and procedures regarding limitations on the dissemination of Boeing business information and records.

2. The facts stated in this declaration are based on my personal knowledge, on my review and familiarity with Boeing business records that are maintained in the ordinary course of business, and on information collected by other Boeing employees and by counsel. I am competent to testify, and would testify to the statements herein if called to do so.

3. I am informed and believe that in the course of this litigation Boeing has produced an extensive number of internal Boeing documents, and continues to produce such documents, in response to discovery requests. I am further informed and believe that Boeing produced certain

of these documents with the belief and understanding that the documents would be protected from public disclosure pursuant to the terms of the Confidentiality Protective Order that had been entered to protect the parties' confidential and proprietary information from public disclosure.

4. I am informed and believe that certain of the documents produced by Boeing were designated as "confidential" pursuant to that confidentiality and protective Order prior to their production because such documents contain confidential and propriety commercial information and trade secrets of Boeing, including but not limited to the following topics:

   a. The design and manufacture of components and systems on Boeing 757 and 767 aircraft, among others, including technical information regarding the flight management computer systems, the transponders, the flight control systems, the ground proximity warning systems, the flight deck doors, the autopilot systems, and the communications systems ("Design Information"); and

   b. Contractual arrangements, including between Boeing and its customers, its suppliers, its vendors, its component part manufacturers, and its insurers ("Contractual Information").

5. With regard to Design Information, Boeing invests substantial labor and capital researching, developing and implementing the technology that is utilized to design, engineer and manufacture Boeing aircraft and their component parts and systems. This confidential and proprietary technology is commercially sensitive and commercially valuable insofar as it provides a competitive advantage to Boeing. Boeing would suffer a competitive disadvantage if this information became publicly available. For example, public disclosure of such information would provide Boeing's competitors access to proprietary technical information that could be

used by Boeing's competitors to design, engineer, manufacture or test such systems or products in direct competition with Boeing, thereby causing competitive harm to Boeing.

6. With regard to Design Information, Boeing takes significant steps to protect this type of confidential and proprietary information from unauthorized dissemination. These steps include restricting internal disclosure to individuals with a need to know, designating such materials as "Boeing Proprietary," safeguarding such information in physically locked locations, encrypting electronic files, protecting electronic information with password protection and/or other access restrictions, and ensuring that such material is disposed of in a way that prevents unintended or inadvertent disclosure. Boeing employees are generally instructed not to disclose Boeing's confidential internal information or, where disclosure is necessary, not to disclose such information without appropriate restrictions on use and further dissemination of the information by the recipient. In addition, Boeing employees enter into intellectual property and confidentiality agreements when they join the company that safeguard Boeing's confidential information. Boeing has internal policies and procedures in place intended to preclude or limit disclosure and dissemination of this type of confidential and commercially sensitive information.

7. With regard to Contractual Information, I am also informed and believe that the internal Boeing documents being produced include information relating to purchase and sale agreements, spare parts agreements, service agreements, and other contractual agreements between Boeing and its customers, as well as documents relating to other agreements reached between Boeing and its vendors, its component parts manufacturers, its suppliers and its insurers. I am also informed and believe the Contractual Information documents being produced include internal Boeing documents relating to the negotiations of these agreements. This Contractual Information is considered by Boeing to be confidential and proprietary. Boeing invests

substantial labor negotiating these agreements. Were this information to become publicly available, Boeing would be disadvantaged in its future contract negotiations generally and would also suffer a competitive disadvantage with regard to its ability to compete in the global market for aircraft orders because Boeing's customers and competitors would have access to Boeing's internal negotiations and strategy information.

8. With regard to Contractual Information, Boeing takes significant steps to protect against the unauthorized dissemination of this type of information. In addition to the steps identified above for Design Information, all of which may be used with respect to Contractual Information, Boeing also often includes confidentiality provisions in many of its agreements. I am informed and believe that some of the Contractual Information at issue in this litigation is specifically governed by such clauses. It also is Boeing's internal corporate policy to keep communications with its customers/operators regarding contractual arrangements confidential, as a means of maintaining the confidentiality of these business and commercial relationships. Boeing employees are generally instructed not to disclose Boeing's confidential internal information or, where disclosure is necessary, not to disclose such information without appropriate restrictions on use and further dissemination of the information by the recipient. In addition, Boeing employees enter into intellectual property and confidentiality agreements when they join the company that safeguard Boeing's confidential information. Boeing has internal policies and procedures in place intended to preclude or limit disclosure and dissemination of this type of confidential and commercially sensitive information.

/////

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 21 st day of January 2008.    _____
                                            Martha Ries